# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Delaware County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Thomas Bennett

Lead Defendant's Name: Wal-Mart Stores East, LP

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Todd M. Felzer, Esquire

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [x] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5. Cover Sheet**

(a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii) actions for support, Rules 1910.1 et seq.

(iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

(2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c) The prothonotary shall assist a party appearing pro se in the completion of the form.

(d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

**SWARTZ CULLETON FERRIS**
**TRIAL LAWYERS**
By: Todd M. Felzer, Esquire
Identification No. 76335
TFelzer@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorney for Plaintiff,
Thomas Bennett

| | | |
|---|---|---|
| THOMAS BENNETT | | COURT OF COMMON PLEAS |
| 113 North Yewdall Street | : | DELAWARE COUNTY |
| Philadelphia, PA 19139 | : | |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| 702 Southwest 8th Street | : | |
| Bentonville, Arkansas 72716 | : | |
| -and- | : | |
| JOHN DOE(S), 1-5 FICTITIOUS | : | |
| DEFENDANT(S) | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
DELAWARE COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE

335 W Front Street
Media, PA 19063
Telephone: (610) 566-6625

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
DELAWARE COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE

335 W Front Street
Media, PA 19063
Telefono: (610) 566-6625

**SWARTZ CULLETON FERRIS**
**TRIAL LAWYERS**
By: Todd M. Felzer, Esquire
Identification No. 76335
TFelzer@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorney for Plaintiff,
Thomas Bennett

| | | |
|---|---|---|
| THOMAS BENNETT<br>113 North Yewdall Street<br>Philadelphia, PA 19139<br>*Plaintiff*<br>v.<br><br>WAL-MART STORES EAST, LP<br>702 Southwest 8th Street<br>Bentonville, Arkansas 72716<br>-and-<br>JOHN DOE(S), 1-5 FICTITIOUS DEFENDANT(S)<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Thomas Bennett, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2. Defendant, Wal-Mart Stores East, LP, was and is now a business entity, believed to be a limited partnership, engaged in retail sales with a corporate headquarters located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3. Defendants, John Doe(s) 1-5 (Fictitious Defendant(s)), upon information and belief, are fictitious defendants whose actual identities are unknown despite plaintiff conducting a reasonable search with due diligence pursuant to Pa. R. Civ. P. 2005 for the actual identity(ies) of the individuals, corporations, and/or entities who were involved in the premises liability accident

described herein, located at the premises commonly known as “Walmart”, located at 605 Conchester Highway, Boothwyn, PA 19061 and who may be responsible for injuries suffered by the Plaintiff.

4. Venue is proper in Delaware County because one or more of the Defendants regularly and continuously conduct business in Delaware County and because the incident giving rise to the Plaintiff’s claims occurred in Delaware County.

5. At all times relevant hereto, the Defendants acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

6. At all times material herein, the Defendants, by and through trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with the said Defendants, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the Walmart premises located at 605 Conchester Highway, Boothwyn, PA 19061.

7. On or about July 28, 2025, and for a long time prior thereto, it was the duty of the Defendants, by and through their trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid premises, known as Walmart, located at 605 Conchester Highway, Boothwyn, PA 19061 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Thomas Bennett.

8. Upon information and belief, it was the duty of the Defendants to install and/or maintain and/or operate the ventilation systems on the subject premises, as well as to monitor levels of carbon monoxide in their store/premises given the fact that employees, workmen and/or

contractors routinely operated propane powered machines to clean, grind and polish the floors of their store/premises.

9. On or about July 28, 2025, Plaintiff, Thomas Bennett, was lawfully on the aforesaid premises known as Walmart, located at 605 Conchester Highway, Boothwyn, PA 19061, as a sub-contracted employee and was performing his maintenance duties operating a propane powered floor grinding and/or cleaning machine, when, as a direct result of a defective and/or dangerous condition of the premises, more specifically, failure to maintain an adequate building ventilation system and monitor carbon monoxide levels; caused and or contributed to a carbon monoxide hazard upon said premises during the aforementioned maintenance, exposing the Plaintiff to toxic levels of carbon monoxide, thereby causing him to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

**COUNT I**
**THOMAS BENNETT v. WAL-MART STORES EAST, LP**
**NEGLIGENCE – PREMISES LIABILITY**

10. Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint, as though the same were fully set forth at length herein.

11. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendants, Wal-Mart Stores East, LP, by and through their agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

(a) Carelessly and negligently installing and/or maintaining and cleaning the premises ventilation system in a dangerous condition for a prolonged period of time so as to cause injury and illness to the Plaintiff, more specifically, failing to prevent the exposure to carbon monoxide within the premises, posing a hazard to the Plaintiff;

(b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects such as the inadequate ventilation system in the context of allowing and being aware of gas powered and carbon monoxide emitting cleaning and grinding machines being operated on a routine basis by employees and/or contractors to clean and maintain the floors of the premises, and prevent potential bodily injuries to third parties, such as the Plaintiff;

(c) carelessly and negligently failing to recognize the defect which allowed the toxic and potentially deadly gas, carbon monoxide and/or other harmful substances to fill the room and to timely remedy same by operating and/or cleaning the ventilation system;

(d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises and to have carbon monoxide monitoring systems in place;

(e) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(f) failing to adequately and timely repair defects to the aforesaid premises;

(g) failing to correct a dangerous and hazardous condition of which the Defendant was actually aware i.e, the use of carbon monoxide emitting machines on the premises by employees and/or contractors such as the Plaintiff in the context of an inadequate and improperly maintained ventilation system

(h) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

(i) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

12. Plaintiff, Thomas Bennett, in no manner contributed to his injuries, which were the direct and proximate result of the Defendants' own negligence and/or carelessness.

13. As a result of the aforesaid negligence of the Defendants, Plaintiff, Thomas Bennett, suffered severe injuries, including: carbon monoxide poisoning, migraine headaches, hypermetabolic toxic encephalopathy, wheezing, dizziness, difficulty breathing; chronic cough, visual impairment, vestibular dysfunction, neurological injuries and cognitive impairment,

weakness/fatigue, memory loss, kidney transplant failure; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

14. As a result of the aforesaid negligence of the Defendants, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

15. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

16. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

17. As a further result of the aforesaid negligence of the Defendants, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

18. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

19. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Thomas Bennett, demands judgment against Defendants, Wal-Mart Stores East, LP, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT II**
**THOMAS BENNETT v. JOHN DOE(S), 1-5, FICTITIOUS DEFENDANT(S)**
**NEGLIGENCE – PREMISES LIABILITY**

20. Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint, as though the same were fully set forth at length herein.

21. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendants, John Doe(s) 1-5, Fictitious Defendant(s), by and through their agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

(a) designing/manufacturing/distributing and/or carelessly installing and/or maintaining the subject ventilation system and its component parts in a dangerous condition for a prolonged period of time so as to cause injury and illness to the Plaintiff, more specifically, failing to prevent the exposure to carbon monoxide within the premises, posing a hazard to the Plaintiff;

(b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(c) carelessly and negligently failing to recognize the defect which allowed the toxic and potentially deadly gas, carbon monoxide and/or other harmful substances to fill the room and to timely remedy same by operating the ventilation system;

(d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(e) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(f) failing to adequately and timely repair defects to the aforesaid premises;

(g) failing to correct a dangerous and hazardous condition of which the Defendant was actually aware;

(h) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

(i) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

(j) negligence by virtue of the doctrine of *respondeat superior*; and

(k) negligence by virtue of the doctrine of *res ipsa loquitur*.

22. Plaintiff, Thomas Bennett, in no manner contributed to his injuries, which were the direct and proximate result of the Defendants' own negligence and/or carelessness.

23. As a result of the aforesaid negligence of the Defendants, Plaintiff, Thomas Bennett, suffered severe injuries, including: carbon monoxide poisoning, migraine headaches, visual impairment, vestibular dysfunction, metabolic toxic encephalopathy, wheezing, dizziness, difficulty breathing; chronic cough, weakness/fatigue, memory loss, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

24. As a result of the aforesaid negligence of the Defendants, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

25. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

26. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

27. As a further result of the aforesaid negligence of the Defendants, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

28. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

29. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Thomas Bennett, demands judgment against Defendants, John Doe(s) 1-5, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully,

**SWARTZ CULLETON FERRIS**
**TRIAL LAWYERS**

By: /s/ Todd M. Felzer
Todd M. Felzer, Esquire
*Attorney for Plaintiff*,
Thomas Bennett

January 23, 2026

# VERIFICATION

I, ______________________, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Signed by:

C9ED583ED3CB42C...

FILED
01-23-2026 11:29 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA